Opinion issued January 26,
2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-11-00837-CR,

NO.
01-11-00838-CR

____________

 








Calton Carter, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause Nos. 1306798 and 1306799

 

 



MEMORANDUM
OPINION








          Appellant,
Calton Carter, pleaded guilty to the offenses of evading arrest and felon in
possession of a weapon and pleaded “true” to the allegations in two enhancement
paragraphs that he had twice been previously convicted of felony offenses.  The trial court found appellant guilty, found
the enhancement allegations true, and, in accordance with the terms of appellant’s
plea agreement with the State, sentenced appellant to confinement for six
years.  Appellant has filed a pro se
notice of appeal.  We dismiss the appeal.


In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after obtaining the trial court’s permission to
appeal.  Tex. R. App. P. 25.2(a)(2). 
An appeal must be dismissed if a certification showing that the
defendant has the right of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certifications
are included in the records on appeal. See
id.  The trial court’s certifications
state that these are plea bargain cases and the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  Appellant did not appeal any
pre-trial matters, and the trial court did not give permission for appellant to
appeal.  The records support the trial
court’s certifications.  See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).  Because
appellant has no right of appeal, we must dismiss these appeals.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeals
for want of jurisdiction.  We dismiss all
pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and
Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b).